# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>MAHMOUD GHASSAN SOUD,<br><br>        Defendant. | Case No. 3:20-cr-00036-SLG-MMS<br><br>**ORDER ON MOTION FOR COMPETENCY HEARING AND EXAMINATION [DKT. 45] AND SUBPOENA FOR MENTAL HEALTH RECORDS [DKT. 50]** |

## I.   MOTION PRESENTED & PROCEDURAL HISTORY

On February 5, 2021, the Government filed a Motion for Competency Hearing and Examination (Motion) pursuant to 18 U.S.C. § 4241(a) and (b). [Dkt. 45 at 1]. The Government argued there was reasonable cause to believe Soud met the criteria for a competency hearing under 18 U.S.C. § 4241(a)[1] and the Court should, accordingly, order a competency hearing, as well as, a psychiatric or psychological evaluation. [*Id.* at 4]. On February 12, 2021, Soud, through counsel, filed an Opposition to the Government's Motion for Competency Evaluation. [Dkt. 47].

On March 5, 2021, the Government filed a notice indicating it would issue a subpoena to the Alaska Department of Corrections ("DOC") for Soud's mental health records. [Dkt. 50]. Given the sensitive nature of these files, the Government instructed DOC to not produce the records

---

[1] Per 18 U.S.C. § 4241(a):
  The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

*United States v. Soud*, 3:20-cr-00036-SLG-MMS-1                                1

directly to the government, but rather, asked that a records custodian appear for the March 12, 2021 hearing so that the Court could issue an order directing their disclosure. [Dkt. 50 at 2].

At the March 12, 2021 Motion Hearing, Assistant Attorney General Cicotte appeared on behalf of the Alaska Department of Corrections and indicated Soud's mental health records would not be produced to the Government absent court authorization. [Dkt. 53]. Soud objected to the release of his records to the Government; as well as to the Court. [Dkt. 53]. The Court explained that the records may be relevant insofar as they may reflect more recent information about Soud's mental health status, and ordered DOC to produce the records for an in-camera review. Soud objected to the court conducting an in-camera review. [Dkt. 53].

At the March 26, 2021 Motion hearing, the Court indicated it had received Soud's mental health records from DOC and reviewed them to determine whether any or all records should be released to the Government. [Dkt. 60 at 3]. Balancing the relevance of the records against the significant invasion that disclosure would impose on Soud's privacy rights, this Court declined to release them to the Government, sustaining Soud's objection to disclosure. [Dkt. 60 at 7]. This Court further denied the present Motion, finding the Government had not met its burden for a competency hearing, and indicated that a written order would follow. [Dkt. 60 at 22].

For the reasons stated below, on the current record, the Court cannot find there is "reasonable cause" to believe that Soud's mental condition renders him "mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" and therefore, **DENIES** the Motion at Docket 45, without prejudice. 18 U.S.C. § 4241(a).

*United States v. Soud*, 3:20-cr-00036-SLG-MMS-1 2

Case 3:20-cr-00036-SLG-MMS   Document 64   Filed 04/15/21   Page 2 of 6

## II. DISCUSSION

### A. Applicable Law

Per 18 U.S.C. § 4241(a), at any time after the commencement of a prosecution, but prior to sentencing, the defendant or the Government may file a motion for a hearing to determine the mental competency of the defendant. A court must grant the motion for a hearing if:

> there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[2]

If a hearing is granted, the trial court has discretion to order a psychiatric or psychological examination of the defendant prior to the competency hearing.[3]

### B. Application and Findings

Two questions guide this Court's analysis in deciding whether or not to disclose Soud's mental health records to the Government or order a competency hearing or evaluation. First, is there reasonable cause to believe Soud presently suffers from a mental disease or defect? Second, if yes, is there reasonable cause to believe this disease or defect renders him mentally incompetent such that he is unable to understand the nature and consequences of the proceedings or assist in his defense?

Having reviewed the DOC records, this Court finds they only speak to the first question, whether Soud has a mental disease or defect. This is not in dispute.[4] Nothing in these records sheds light on the second question, whether Soud is able to understand the nature and consequences of

---

[2] 18 U.S.C. § 4241(a).
[3] 18 U.S.C. § 4241(b).
[4] Soud's January 28, 2021 Pretrial Service Report indicates Soud was diagnosed with Bipolar I Disorder in July 2020. [Dkt. 45 at 2]. At the March 26, 2021 hearing, the parties agreed that there is no dispute Soud presently suffers from a mental disease or defect. [Dkt. 60 at 5].

*United States v. Soud*, 3:20-cr-00036-SLG-MMS-1     3

the proceedings or properly assist in his defense. Because these records do not illuminate the second, and only outstanding, question, their probative value is *de minimis*. Their release to the Government would, however, represent a significant invasion of Soud's privacy interests. Release is unwarranted.

With respect to the need for a competency hearing, the Court finds that the Government has not met its burden under 18 U.S.C. § 4241(a). Although the parties do not dispute that Soud presently suffers from a mental disease or defect, the Government has not offered any evidence that suggests Soud is unable to understand the nature and consequences of the proceedings or assist in his defense.

In its Motion, the Government points to Soud's mental health diagnosis, involuntary medication around December 2020, and behavior at the January 29, 2021 detention hearing as necessitating a competency hearing and evaluation. [Dkt. 45 at 2-3]. This Court has observed Soud at his arraignment and two additional proceedings since the January 2021 detention hearing. [Dkts. 26, 53, and 59]. At the two most recent hearings, Soud was patient, respectful, and conducted himself as anyone appearing before the court should. Soud's interruption at the January 2021 hearing was not excessively disruptive and, standing alone, does not cause sufficient concern to warrant a competency hearing or evaluation.[5] The Court notes that it is not unusual for criminal defendants in extraordinarily stressful situations to have outbursts in court. As such, outbursts from defendants are relatively common. There is nothing about Mr. Soud's outburst at the January hearing which raises any concern for this Court. Moreover, neither Soud's mental health diagnosis,

---

[5] Soud's interruption lasted no more than 8 seconds during a 1 hour and 24-minute-long hearing. The interruption occurred during closing arguments, after the Government asserted Soud was a danger to his family and community. Immediately after his interruption, Soud apologized to the Court for interjecting, stating "I'm sorry, I apologize Your Honor." [Dkt. 42].

*United States v. Soud*, 3:20-cr-00036-SLG-MMS-1     4

nor his involuntary medication gives rise to an inference that he is incapable of understanding the nature and consequences of the proceedings or of assisting in his defense.[6] Therefore, there is no "reasonable cause" for a competency hearing or evaluation.[7]

This Court accepts defense counsel's representations that, in her judgment, Soud can understand the nature of the proceedings and properly assist in his defense. [Dkt. 60 at 12]. During a colloquy with the Court, defense counsel indicated she has practiced criminal defense for approximately nine years and previously represented hundreds of clients committed to the Alaska Psychiatric Institute in contested mental health commitment proceedings. [Dkt. 60 at 12-13]. Based on that experience, and her communications with Soud, defense counsel reiterated her belief that a competency hearing is unwarranted. [Dkt. 60 at 13]. While the opinion of Soud's counsel is not dispositive, "a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings."[8]

The Court notes that a competency evaluation request is not a trivial decision. In Alaska, where there are few experts available for psychiatric or psychological evaluations, a referral may entail transferring the defendant to out-of-state jurisdictions. Transferring defendants not only increases their health risk as a result of the current pandemic, but may also disrupt their continuity of care and the stability in-custody programming provides.

To be clear, this Order does not find that Soud is indeed competent to stand trial. This Order only addresses the threshold question of whether there is reasonable cause to order a

---

[6] *See Grant v. Brown*, 312 F. App'x 71, 73 (9th Cir. 2009) (stating that mental illness does not necessarily equate to incompetence); *Boyde v. Brown*, 404 F.3d 1159, 1166 (9th Cir. 2005) (concluding that "major depression" and "paranoid delusions" do not necessarily raise a doubt regarding a defendant's competence)
[7] *See* 18 U.S. Code § 4241(a).
[8] *See Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1991).

competency hearing or evaluation pursuant to 18 US.C. § 4241(a) and (b) and concludes no reasonable cause exists.

### III. CONCLUSION

The Government has failed to meet its burden under 18 US.C. § 4241(a), THEREFORE, this Court **DENIES** the Motion for Competency Hearing and Examination [Dkt. 45], without prejudice. Soud's objection to the release of his mental health records to the Government [Dkt. 50] is **SUSTAINED**.

DATED this 15th day of April, 2020, at Anchorage, Alaska.

/s/ Matthew M. Scoble
United States Magistrate Judge