# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>MAHMOUD GHASSAN SOUD,<br><br>                Defendant. | Case No. 3:20-cr-00036-SLG-MMS |

## ORDER RE MOTION FOR REVOCATION OF MAGISTRATE'S PRETRIAL RELEASE ORDER PURSUANT TO 18 U.S.C. § 3145

Before the Court at Docket 81 is the government's Motion for Revocation of Magistrate's Pretrial Release Order Pursuant to 18 U.S.C. § 3145. Defendant Mahmoud Ghassan Soud filed a response in opposition at Docket 85. On April 21, 2021, the Honorable Magistrate Judge Matthew M. Scoble granted Mr. Soud's motion for conditional release.[1] The matter is now before this Court pursuant to 18 U.S.C. § 3145. That statute provides that "[i]f a person is ordered released by a magistrate judge . . . the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order."[2] This Court's review of the release determination is *de novo*.[3]

---

[1] Docket 75; Docket 76.

[2] 18 U.S.C. § 3145(a)(1).

[3] *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990).

I. **Applicable law**

The instant motion is governed by the Bail Reform Act. As relevant here, in determining whether a defendant should remain in custody pending trial, the Bail Reform Act directs courts to consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community or to an individual if the defendant is released.[4] The Bail Reform Act also provides for temporary release of a defendant if "necessary for preparation of the person's defense or for another compelling reason."[5]

Mr. Soud's proposed release plan contemplates him being released to his mother, who would act as a third-party custodian, that he would be on electronic monitoring, and that he continue to take any prescribed medications, among other things.[6] The government contends that this plan would not mitigate the risk Mr. Sound poses to the community and the risk he poses specifically to the alleged domestic-violence victim.[7]

---

[4] 18 U.S.C. § 3142(g).

[5] 18 U.S.C. § 3142(i).

[6] Docket 80 at 3.

[7] Docket 81 at 2.

Case No. 3:20-cr-00036-SLG-MMS, *USA v. Soud*
Order re Motion for Revocation of Magistrate's Pretrial Release Order
Page 2 of 6
Case 3:20-cr-00036-SLG   Document 90   Filed 04/30/21   Page 2 of 6

## II. The appearance of Mr. Soud

The Court finds that the government has shown by a preponderance of the evidence that Mr. Soud presents a flight risk. Mr. Soud is facing charges in both federal and state court. While on pretrial release in the state case(s), Mr. Soud managed to remove his GPS device.[8] While in custody, he has purportedly formulated an escape plan.[9] In state court, Mr. Soud is facing charges of violating the conditions of his release and violating a protective order, which suggests that he is unwilling or unable to comply with court orders.[10]

## III. The safety of the community

Mr. Soud is charged with two counts of possession of a firearm by a person subject to a domestic violence protective order based on allegations that he possessed a pistol and a shotgun.[11] In addition to the firearms charges in the instant case, Mr. Soud is facing multiple assault charges in state court, including allegations that he broke into a house carrying a sword.[12] During his time in custody, he has purportedly made threats and engaged in fighting, once punching a corrections officer and once being so angry he broke a window in the jail with a telephone receiver.[13]

---

[8] Docket 74 at 4.

[9] Docket 74 at 4.

[10] Docket 74 at 4.

[11] Docket 24.

[12] Docket 74 at 4.

[13] Docket 74 at 4.

Case No. 3:20-cr-00036-SLG-MMS, *USA v. Soud*
Order re Motion for Revocation of Magistrate's Pretrial Release Order
Page 3 of 6
Case 3:20-cr-00036-SLG   Document 90   Filed 04/30/21   Page 3 of 6

Mr. Soud is currently on an involuntary medication plan. The Court has considered and weighed that Mr. Soud appears to have more recently been taking his mental health medication and has adjusted to this medication. However, his mental health provider has recently indicated that Mr. Soud does not recognize the degree of his diagnosis (Bipolar I Disorder, Severe with Psychotic Features) or the need for him to take his medication.[14] The provider has also indicated that although Mr. Soud is currently stabilized on medication, he "continues to lack self-control."[15] The jail has continued to house Mr. Soud separate from the general population (in "two-man" and "lock-down" status[16]) based on his violent behavior and non-compliance.[17]

The Court is not persuaded that if Mr. Soud is released and no longer monitored by the mental health staff at the jail that Mr. Soud would continue to voluntarily take his prescribed medication. The record contains no evidence, other than reports of Mr. Soud's recent track record while supervised in custody, to support the defense position that Mr. Soud will continue to take his medication if released. In sum, the Court agrees with the government that "[a] defendant that cannot be released into the general prison population because of his mental illness and violent

---

[14] Docket 74 at 2.

[15] Docket 74 at 2.

[16] Docket 74 at 2.

[17] Docket 74 at 4.

Case No. 3:20-cr-00036-SLG-MMS, *USA v. Soud*
Order re Motion for Revocation of Magistrate's Pretrial Release Order
Page 4 of 6
Case 3:20-cr-00036-SLG   Document 90   Filed 04/30/21   Page 4 of 6

behavior should not be released to the streets of Anchorage."[18] The Court finds by clear and convincing evidence that Mr. Soud would present a risk of danger to the community were he to be released from custody. The Court further finds that there is no combination of conditions of release that will protect the community, particularly in light of the necessity for an involuntary medication order and the lack of evidence that Mr. Soud will follow the medication regimen when he is no longer in punitive segregation.

## IV. Necessity of temporary release to prepare for trial

While acknowledging the hardships of the COVID-19 public health measures that have been in effect, the Court concludes that defense counsel has not provided sufficient reasons to support a finding that Mr. Soud's release is "necessary" for trial preparation or that there is any other "compelling reason" for temporary release.[19] The Court finds that adequate pretrial preparation can occur by allowing Mr. Soud's defense team to meet with him in the holding area of the federal courthouse over the course of several days. Both of Mr. Soud's defense counsel and his investigator may

---

[18] Docket 81 at 3.

[19] *See* 18 U.S.C. § 3142(i) ("The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."); *United States v. Villegas*, Case No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("If federal courts had to order temporary release just because it would aid a defendant's ability to work with counsel, the exception in section 3142(i) would swallow all detention orders. So the qualifier 'necessary' here has teeth: section 3142(i) authorizes no temporary release of pretrial detainees just because it would be helpful, preferable, or even ideal for a defendant's trial preparations. At a minimum, detained defendants seeking temporary release under section 3142(i) for "necessary" trial preparations must show why less drastic measures . . . would be inadequate for their specific defense needs.").

Case No. 3:20-cr-00036-SLG-MMS, *USA v. Soud*
Order re Motion for Revocation of Magistrate's Pretrial Release Order
Page 5 of 6
Case 3:20-cr-00036-SLG   Document 90   Filed 04/30/21   Page 5 of 6

review discovery, including audio discovery, and prepare for trial with Mr. Soud at that location.[20] The Court directs the U.S. Marshals Service to transport Mr. Soud to the federal courthouse for up to three days prior to trial, from 8:30 a.m. to 4:30 p.m. each day, or for a shorter period of time if requested by counsel. Counsel shall provide as much advance notice to the U.S. Marshals of the transportation days requested as is feasible. The Court finds that allowing Mr. Soud and his defense team to meet in this manner is sufficient to allow for adequate pretrial preparation given the nature of the charges, the nature of the anticipated defense, the anticipated short duration of the trial, and the relative lack of complexity of this case.[21]

In light of the foregoing, IT IS ORDERED that the motion at Docket 81 is GRANTED, and the magistrate judge's release order at Docket 76 is REVOKED.

Dated this 30th day of April, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[20] *See* Docket 81 at 15 (e-mails between government attorney and U.S. Marshal Service regarding use of Marshal cell by defense team to prepare for trial).

[21] In the event three days is inadequate, the Court can proceed with jury selection on May 10, 2021, then accord additional preparation time as needed before opening statements. In addition, the Court is amendable to starting trial later in the morning each day so as to permit additional time for the defense team to confer each morning.

Case No. 3:20-cr-00036-SLG-MMS, *USA v. Soud*
Order re Motion for Revocation of Magistrate's Pretrial Release Order
Page 6 of 6
Case 3:20-cr-00036-SLG   Document 90   Filed 04/30/21   Page 6 of 6