# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>MAHMOUD GHASSAN SOUD,<br><br>        Defendant. | Case No. 3:20-cr-00036-SLG-MMS |

## ORDER REGARDING MOTION FOR MENTAL HEALTH RECORDS

Before the Court at Docket 145 is the government's Motion Regarding Mental Health Records for Sentencing. Defendant Mahmoud Ghassan Soud filed a response in opposition at Docket 148.

Mr. Soud's competence to stand trial and issues regarding his mental health have been raised at various times during the progression of this case.[1] Sentencing in this case is currently scheduled for August 19, 2021.[2] The government seeks an order releasing Mr. Soud's mental health records to the U.S. Probation Office and requiring the Probation Office to "summarize, and consider information regarding the Defendant's mental health when preparing the presentence report investigation and sentencing recommendation."[3] Mr. Soud objects to the release of his mental health

---

[1] *See, e.g.*, Docket 64 (Order on Motion for Competency Hearing and Examination and Subpoena for Mental Health Records).

[2] Docket 140.

[3] Docket 145 at 2. A portion of Mr. Soud's mental health records are held by the Court *in camera*.

records to the Probation Office, asserting that Federal Rule of Criminal Procedure 32 contemplates that "a defendant may decline to participate in the presentence investigation process at all" and thus is not obligated to release records for use in the presentence investigation.[4]

The Court finds that nothing in Rule 32 requires Mr. Soud to disclose his mental health records to the Probation Office or requires the Probation Office to review his mental health records.[5] To be sure, Rule 32(d)(2) requires the presentence report to include "any circumstances affecting the defendant's behavior that may be helpful in imposing sentence or in correctional treatment." However, the government has cited to no rule or case that requires Mr. Soud to forgo his privacy interests in his mental health records.[6]

---

Docket 58.

[4] Docket 148 at 1.

[5] *See, e.g.*, *Sans v. United States*, Case No. 2:12-cr-00030-GZS, 2015 WL 3775095, at *9 (D. Maine June 17, 2005) ("Rule 32, however, does not require the Probation Office to conduct the search [for medical records] in a particular manner, or to obtain any specific or particular records.") (footnote omitted); *Jones v. Cardwell*, 686 F.2d 754, 756 (9th Cir. 1982) (holding that the Fifth Amendment's right against self-incrimination applies during presentence investigation interviews).

[6] *Cf. United States v. Streich*, 560 F.3d 926, 932–35 (9th Cir. 2009) (Kleinfeld, J., concurring) (noting that when the defendant had waived nondisclosure of psychosexual treatment records, the district court correctly ruled that the psychosexual history could be included in the presentence report—even though the court determined that the history was unnecessary for its determination of a sentence—because including the information in the presentence report "will enable the Bureau of Prisons to determine the best method to deal with Streich's criminality"). *But see* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offence which a court of the Unite States may receive and consider for the purpose of imposing an appropriate sentence.").

Case No. 3:20-cr-00036-SLG-MMS, *USA v. Soud*
Order re Motion for Mental Health Records
Page 2 of 3
Case 3:20-cr-00036-SLG   Document 150   Filed 06/11/21   Page 2 of 3

In light of the foregoing, IT IS ORDERED that the motion at Docket 145 is DENIED.

Dated this 11th day of June, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cr-00036-SLG-MMS, *USA v. Soud*
Order re Motion for Mental Health Records
Page 3 of 3
Case 3:20-cr-00036-SLG   Document 150   Filed 06/11/21   Page 3 of 3