# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MAHMOUD GHASSAN SOUD,<br><br>    Defendant. | Case No. 3:20-cr-00036-SLG |

## ORDER REGARDING MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL

At the close of the Government's case-in-chief during the trial in this case, defendant Mahmoud Ghassan Soud moved for a judgment of acquittal on both counts.[1] Mr. Soud renewed his motion after the jury began deliberating.[2] The Court reserved ruling on the motions.[3] Following trial, Mr. Soud filed a written Motion for Judgment of Acquittal/Motion for New Trial at Docket 146. The government responded in opposition at Docket 149.

---

[1] Docket 124 (minute entry).

[2] Docket 125 (minute entry).

[3] *See* Fed. R. Crim. P. 29(b) ("The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict.").

Mr. Soud seeks to have the Court "enter a judgment of acquittal as to both Counts 1 and 2" pursuant to Federal Rule of Criminal Procedure 29.[4] In the alternative, Mr. Soud seeks an order granting "a new trial on both counts under Criminal Rule 33."[5]

## I. Rule 29 Motion for Judgment of Acquittal

Pursuant to Rule 29, the Court must decide the motions for judgments of acquittal "on the basis of the evidence at the time the ruling was reserved."[6] The Court assesses the evidence to determine whether it is sufficient to sustain a conviction.[7] The evidence is sufficient to sustain a conviction if, "viewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt.'"[8] The "evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case."[9]

When viewing the evidence in the light most favorable to the government, a court does not determine witness credibility and does not consider how it would

---

[4] Docket 146 at 1.

[5] Docket 146 at 1.

[6] Fed. R. Crim. P. 29(b).

[7] Fed. R. Crim. P. 29(a).

[8] *United States v. Rosales*, 516 F.3d 749, 751–52 (9th Cir. 2008) (quoting *United States v. Hinton*, 222 F.3d 664, 669 (9th Cir. 2000)).

[9] *United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (*en banc*).

Case No. 3:20-cr-00036-SLG, *United States v. Soud*
Order Re Motion for Judgment of Acquittal and Motion for New Trial
Page 2 of 8
Case 3:20-cr-00036-SLG   Document 152   Filed 08/06/21   Page 2 of 8

have resolved conflicts in the evidence.[10] "Therefore, in a case involving factual disputes and credibility determinations, we "must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."[11]

Mr. Soud asserts that "the government failed to prove beyond a reasonable doubt that (A) Mr. Soud received and reviewed a copy of the written March 9 protective order; (B) that the protective order contained a term that *explicitly* prohibited the use, attempted use or threatened use of physical force; and (C) that Mr. Soud *knew* that the protective order contained a term that explicitly prohibited the use, attempted use, or threatened use of physical force."[12] Applying the Rule 29 standards set forth *supra*, the Court finds that there was sufficient evidence at trial both after the close of the government's case-in-chief and at the close of all evidence to support the convictions against Mr. Soud.

**A. Proof that Mr. Soud knew he was subject to the protective order**

Mr. Soud incorrectly asserts that the government had to prove that he "received and reviewed a copy of the written March 9 protective order."[13] Neither the applicable statute—18 U.S.C. § 922(g)(8)—nor the jury instructions required

---

[10] *United States v. Alarcon-Simi*, 300 F.3d 1172, 1174 (9th Cir. 2002).

[11] *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012) (quoting *Nevils*, 598 F.3d at 1164) (ellipsis in *H.B.*).

[12] Docket 146 at 2 (emphases in original).

[13] Docket 146 at 2.

Case No. 3:20-cr-00036-SLG, *United States v. Soud*
Order Re Motion for Judgment of Acquittal and Motion for New Trial
Page 3 of 8
Case 3:20-cr-00036-SLG   Document 152   Filed 08/06/21   Page 3 of 8

the jury to find that Mr. Soud *received and reviewed* a copy of the protective order. The jury was instead instructed that it must find that Mr. Soud "knew he *was subject to* the Long Term Domestic Violence Protective Order."[14] A rational juror could have found that circumstantial evidence proved beyond a reasonable doubt that Mr. Soud knew he was subject to the protective order. Specifically, there was evidence that Mr. Soud and his attorney were present at the hearing where the state court judge verbally told the parties that he was issuing the protective order against Mr. Soud to protect Mr. Soud's ex-wife from domestic violence.[15] This was sufficient for a rational juror to conclude that Mr. Soud knew he was subject to the protective order.

### B. Proof that the protective order *explicitly* prohibited the use, attempted use or threatened use of physical force

A rational jury also could have found that the long-term protective order contained a term that explicitly prohibited the use, attempted use or threatened use of physical force. The long-term protective order states that Mr. Soud shall "not threaten to commit or commit acts of domestic violence, stalking, or harassment."[16] This is more than "[a] court order that merely requires 'no contact.'"[17] Although the long-term protective order does not use the exact

---

[14] Docket 128 at 19, 21 (emphasis added).

[15] Tr. Exhibit 10.1.

[16] Docket 149-1 at 14, ¶ D(1)(a).

[17] *United States v. Sanchez*, 639 F.3d 1201, 1205 (9th Cir. 2011).

Case No. 3:20-cr-00036-SLG, *United States v. Soud*
Order Re Motion for Judgment of Acquittal and Motion for New Trial
Page 4 of 8
Case 3:20-cr-00036-SLG   Document 152   Filed 08/06/21   Page 4 of 8

phrasing prohibiting the use, attempted use, or threatened use of physical force, it need not do so as long as its terms explicitly prohibit such actions.[18] A rational juror could find that the language in the protective order explicitly prohibited the use of physical force.

### C. Proof that Mr. Soud knew that the protective order contained a term that explicitly prohibited the use, attempted use, or threatened use of physical force

A rational juror could have found that Mr. Soud knew that the protective order prohibited him from using physical force against his ex-wife. The jury could reasonably have concluded that Mr. Soud's attorney, Mr. Butler, would have told him about the specific provisions or prohibitions in the protective order or provided him with a copy of the protective order, or that Mr. Soud would have derived this knowledge from the state court judge stating at the hearing where Mr. Soud was present that the protective order was necessary to protect Mr. Soud's ex-wife from domestic violence, and that domestic violence includes "acts of physical assault."[19]

In light of the foregoing, the Rule 29 motions made orally at trial on May 12 and May 13, 2021, and the written Rule 29 motion at Docket 146 are DENIED.

## II. Rule 33 Motion for New Trial

Rule 33(a) provides that a court "may vacate any judgment and grant a new trial if the interest of justice so requires." A district court's power to grant a motion

---

[18] *Id.*

[19] Docket 146-4 at 6; *see also* Trial Exhibit 10.1.

Case No. 3:20-cr-00036-SLG, *United States v. Soud*
Order Re Motion for Judgment of Acquittal and Motion for New Trial
Page 5 of 8
Case 3:20-cr-00036-SLG   Document 152   Filed 08/06/21   Page 5 of 8

for a new trial is much broader than its power to grant a motion for judgment of acquittal.[20] When reviewing a motion for new trial, in contrast to when considering a Rule 29 motion, a district court is not required to view the evidence in the light most favorable to the verdict; instead, a court may independently weigh the evidence and evaluate the credibility of the witnesses.[21] "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury."[22] A new trial should only be granted "in exceptional cases in which the evidence preponderates heavily against the verdict."[23]

Here, the Court finds this to be one of the rare exceptional cases in which the evidence preponderates heavily against the verdict.[24] Despite the abstract sufficiency of the evidence to sustain the verdict, the Court finds that the weight of the evidence presented to the jury at trial preponderates so heavily against the

---

[20] *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992).

[21] *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (citing *Alston*, 974 F.2d at 1211 (citation omitted)).

[22] *Alston*, 974 F.2d at 1211–12 (citing *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

[23] *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (quoting 2 Wright, Federal Practice and Procedure, Criminal § 553 at 487 (1969)).

[24] The undersigned cannot recall her ever granting a motion for a new trial pursuant to Rule 33 prior to this case.

Case No. 3:20-cr-00036-SLG, *United States v. Soud*
Order Re Motion for Judgment of Acquittal and Motion for New Trial
Page 6 of 8
Case 3:20-cr-00036-SLG   Document 152   Filed 08/06/21   Page 6 of 8

verdict such that a serious miscarriage of justice may well have occurred. The government was obliged to prove beyond a reasonable doubt that Mr. Soud knew that the protective order contained a term that explicitly prohibited the use, attempted use, or threatened use of physical force.[25] As the government recognizes, it presented no evidence "definitively regarding whether the [protective order] was, or was not, distributed to Mr. Butler after the hearing."[26] Mr. Butler testified that he could not recall whether he ever received a copy of the protective order but was "pretty sure I didn't get one" and testified that a copy of the protective order was not in his case file.[27] The government also presented no evidence that the protective order was distributed to Mr. Soud either by court staff or by his attorney, Mr. Butler. Moreover, the government also presented no evidence that Mr. Soud learned of the terms of the protective order from Mr. Butler or from any other source. Several of the government's arguments are supported by inferences as to what did *not* occur, *e.g.*, "the absence of such [court] record is not evidence that such distribution [of the protective order] did not occur" and "no witness ever testified that Mr. Soud did not read or understand the [protective order]."[28] And the Court agrees with the defense's observation that the convoluted nature of 18

---

[25] Docket 128 at 19–20, 20–21.

[26] Docket 149 at 12.

[27] Docket 146-3 at 5–6.

[28] Docket 149 at 13, 17.

Case No. 3:20-cr-00036-SLG, *United States v. Soud*
Order Re Motion for Judgment of Acquittal and Motion for New Trial
Page 7 of 8
Case 3:20-cr-00036-SLG   Document 152   Filed 08/06/21   Page 7 of 8

U.S.C. § 922(g)(8)(C) enhances the risk of juror misinterpretation of the jury instructions.[29]

In light of the foregoing, IT IS ORDERED that the Motion for a Judgment of Acquittal at Docket 146 is DENIED, but the Motion for a New Trial at Docket 146 is GRANTED.

A telephonic scheduling conference to schedule a new trial will be held the week of August 16, 2021. The date, time, and call-in information will be provided in a separate text order.

DATED this 6th day of August, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[29] *See* Docket 146 at 26 (citing *United States v. Wilson*, 159 F.3d 280, 294 (7th Cir. 1998) (Posner, J., dissenting)).

Case No. 3:20-cr-00036-SLG, *United States v. Soud*
Order Re Motion for Judgment of Acquittal and Motion for New Trial
Page 8 of 8
Case 3:20-cr-00036-SLG   Document 152   Filed 08/06/21   Page 8 of 8